UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

---

HILDA SOLIS, Secretary of Labor,  : Civil Action File
United States Department of Labor,
                                   : No. 11-CV-3866
                  Plaintiff,            (LDW, WDW)
                                   :
      v.                                PARTIAL
                                        CONSENT
F U B Restaurant, Inc.             : JUDGMENT
d/b/a Café Rustica;                     AS TO
and Jeffrey Phillips, Individually and as President : DEFENDANT
                                        F U B RESTAURANT, INC.
                  Defendants,      :

                                   :

---

Plaintiff, the Secretary, has filed her complaint and the corporate defendant F U B Restaurant, Inc. (defendant F U B) appeared by Counsel and has waived any defense which it may have and hereby agrees to the entry of this Judgment without contest. Defendant F U B acknowledges its responsibilities pursuant to this Judgment, and acknowledges that it will be subject to sanctions in contempt of this Court if it fails to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for the Secretary and for good cause shown:

I. ORDERED, ADJUDGED, AND DECREED that Defendant F U B Restaurant, Inc., its officers, agents, employees, successors, and all persons acting or claiming to act in its behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938,

as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(A) Defendant F U B Restaurant, Inc. shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(B) Defendant F U B Restaurant, Inc. shall not, contrary to Section 7 of the Act, employ any of its employees in any workweek who are employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(C) Defendant F U B Restaurant, Inc. shall not fail to make, keep, and preserve adequate records of its employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

II. Defendant F U B Restaurant Inc., d/b/a Café Rustica is enjoined and restrained from withholding the payment of a total of **$102,318.80** (**$78,555.70** in minimum wage and overtime compensation plus post-judgment interest in the amount of **$196.39, plus $23,566.71** in Liquidated Damages) due certain employees listed on Exhibit A.

Payment of this amount will be made in monthly installments in accordance with the amounts and due dates set forth in Exhibit B. All installment payments shall be in separate cashier or certified checks made payable to **"Wage and Hour Division - Labor" with Case No. 1584593 written on the face of each check.** The checks shall be sent to:

**U.S. Department of Labor/Wage & Hour Division
The Curtis Center, Suite 850, West
170 S. Independence Mall West
Philadelphia, PA 19106-3317**

III. On or before the dates specified on Exhibit B, Defendant shall send a copy of each of the checks to:

**U.S. Department of Labor/Wage & Hour Division
1400 Old Country Road, Suite 410
Westbury, New York 11590-5119
Attn: Richard Mormile, Assistant Director**

IV. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

V. The plaintiff shall deliver the proceeds of each check less any legal deductions to the employees named on Exhibit A. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

VI. Defendants shall provide to plaintiff the social security numbers and last known addresses of the defendants' employees and former employees to be paid under this judgment.

VII. Defendant F U B shall pay civil money penalties in the amounts of $6,964.65 ($6,930.00 civil money penalty plus $34.65 in interest) **no later than 12/25/2011.** Payment shall be made by separate cashier or certified check made payable to **"Wage and Hour Division - Labor"** with **"Civil Money Penalty– FLSA Case No. 1584593" written on the face of the check for $6,964.65.** Payment of this amount will be made in a monthly installment in accordance with the amount and due date set forth in Exhibit B.

The certified check[s] shall be sent to:

**U.S. Department of Labor/Wage Hour Division
The Curtis Center, Suite 850 West
170 S. Independence Mall West
Philadelphia, PA 19106-3317**

On or before December 25, 2011, Defendant FUB shall send a copy of the check to Richard Mormile, Assistant Director as set forth in paragraph III above.

VIII. If the defendant F U B Restaurant, Inc. fails to make an installment payment on Exhibit B without making up the arrearage within two weeks after written notice to defendant F U B Restaurant, Inc., the entire balance shall become due and payable immediately. In the event that defendant F U B Restaurant, Inc. fails to timely make up the arrearage after notice, Plaintiff shall file a Supplemental Consent Judgment as to the Individual Defendant Jeffrey Phillips executed by the individual defendant Jeffrey Phillips; and it is further

IX. Defendants shall place FLSA posters in English and in any other language spoken by the employees. These posters will be provided by the Wage and Hour Division as available. Defendants shall display the posters where employees may view them.

X. Defendants shall orally inform all its employees in English and in any other language spoken by the employees of the their rights under the Fair Labor Standards Act, and of the terms

of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Fair ;labor Standards Act without fear of retaliation. The defendant F U B Restaurant, Inc. shall so inform their employees within thirty (30) days of the entry of Judgment on a workday.

XI. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred after **01/08/2011.**



XII. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

**SO ORDERED:**

DATED: ___8/24/11___
Central Islip, NY

_____
UNITED STATES DISTRICT JUDGE

Defendant F U B Restaurant Inc. has appeared by counsel,
has waived any further answer and any defense to the Complaint,
and hereby consents to the entry of this Judgment.

F U B Restaurant Inc.,
d/b/a Café Rustica

BY: _____
Jeffrey Phillips as President

By: _____     Date 7/29/11
Allen B. Breslow, Esquire

Law Office of Allen B. Breslow (AB-1984)
6165 Jericho Tpke.
Commack, NY 11725

**Attorney for Defendant F U B Restaurant Inc.**

STATE OF NEW YORK        )
                         :SS:
COUNTY OF SUFFOLK        )

On the 2nd day of August, 2011 before me personally appeared Jeffrey Phillips to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

YVONNE DUMMETTE
Notary Public, State of New York
No. 01DU6169927
Qualified in Queens County
Commission Expires July 02, 20_15_

# EXHIBIT A

*F U B Restaurant Inc., d/b/a Café Rustica*
*Case ID 1584593*

| First Name | Last Name | BWs Due | Liquidated Damages | Total Due |
|---|---|---|---|---|
| ELEUTERIO | BAIRES | $14,064.38 | $4,219.31 | $18,283.69 |
| NELSON | CLIMACO | $7,650.06 | $2,295.02 | $9,945.08 |
| SAMUEL | DOE | $2,990.52 | $897.16 | $3,887.68 |
| JOSHUA | FLORES | $6,237.67 | $1,871.30 | $8,108.97 |
| BRADLEY | GONZALEZ | $486.26 | $145.88 | $632.14 |
| ABRAHAM | IRAHETA | $925.15 | $277.54 | $1,202.69 |
| KALLIE | KANAKOS | $745.12 | $223.53 | $968.65 |
| JOSE | LOBOS | $7,034.43 | $2,110.33 | $9,144.76 |
| JOSE | LOPEZ | $3,630.02 | $1,089.00 | $4,719.02 |
| ESVIN | MIRANDA | $7,206.34 | $2,161.90 | $9,368.24 |
| SHANA | OPPENHEIMER | $2,784.93 | $835.48 | $3,620.41 |
| ALEXIS | POLINSKIE | $1,355.15 | $406.55 | $1,761.70 |
| ANNEMARIE | PORCARO | $60.72 | $18.22 | $78.94 |
| ULYSUS | PORTILLO | $6,351.33 | $1,905.40 | $8,256.73 |
| TONY | REYES | $1,058.67 | $317.60 | $1,376.27 |
| JOSE S. | RODRIQUEZ | $7,912.63 | $2,373.79 | $10,286.42 |
| PAMELA | SCHUST | $1,790.12 | $537.04 | $2,327.16 |
| MANUEL D. | ZELAYO | $6,272.20 | $1,881.66 | $8,153.86 |
| | **Total Due:** | **$78,555.70** | **$23,566.71** | **$102,122.41** |

# EXHIBIT A

# EXHIBIT B

*F U B Restaurant Inc., d/b/a Café Rustica*
*Case ID 1584593*

| Payment No. | Date Due | Amount Due | Interest Due | Liquidated Damages | Total Due |
|---|---|---|---|---|---|
| 1 | 07/25/2011 | $15,711.14 | $13.55 | $4,713.34 | $20,438.03 |
| 2 | 08/25/2011 | $15,711.14 | $29.96 | $4,713.34 | $20,454.44 |
| 3 | 09/25/2011 | $15,711.14 | $37.58 | $4,713.34 | $20,462.06 |
| 4 | 10/25/2011 | $15,711.14 | $51.25 | $4,713.34 | $20,475.73 |
| 5 | 11/25/2011 | $15,711.14 | $64.05 | $4,713.35 | $20,488.54 |
| Total: | | **$78,555.70** | **$196.39** | **$23,566.71** | **$102,318.80** |
| 6 | 12/25/2011 | $6,930.00 | $34.65 | | $6,964.65 ** |

*\*\*Civil Monetary Penalty*